Bigelow, J.*
The only question in this case is, whether, on the evidence reported by the auditor, the plaintiff is entitled to recover under that clause of the contract with the defendants, which provides that the plaintiff shall receive, in addition to his salary, “ five per cent on the net profits of the company, after deducting the expenses of the company and six per cent on the capital stock, to be made up and paid accordingly once in each year, when the books of the treasurer shall be made up to show the condition of the company.”
We are of the opinion that the plaintiff fails to show a breach of this covenant. In the first place, it does not appear by the evidence, that the books were made up to show the condition of the company, in March, 1847, the time when the plaintiff alleges there were profits shown to have been made by the company, on which he is entitled to his percentage. By the phrase, “ when the books shall be made up,” we understand it is intended to mean, according to the signification of the expression in mercantile language, and in the science of book-keeping, that process by which all the accounts contained in the books are balanced and brought up, and the result of *381 each, thus ascertained, is carried into what is termed a trial balance, or balance sheet, exhibiting the precise condition of each account, and showing the actual state of the company, with the amount carried to profit and loss account. The language of the agreement, applied to the subject-matter, seems to us to require this interpretation. Before the plaintiff can recover, therefore, under this clause in the agreement, he is bound to show that the books of the treasurer were so made up in March, 1847; failing this, he cannot recover. Upon recurring to the testimony taken before the auditor, on this point, it will be found that it falls short of proving this essential fact. The evidence goes no further than to show, that “ an estimate ” of the state of the company was then made up, but that no accurate statement of the accounts of the company, showing its true condition, was prepared by the treasurer, or entered in the books.
But there is another and more decisive objection to’the plaintiff’s recovery for a breach of this covenant. By the true construction of the agreement, the profits, on which the computation of the plaintiff’s percentage was to be made, were intended to embrace and be calculated upon the business of an entire year, and were not to be reckoned on the transactions of a fractional part of a year. The clear intent of the parties was, that the plaintiff should receive a compensation graduated in part on a basis indicating the permanent prosperity of the company, and not upon the uncertain and temporary profits accruing during a short period. As the company did not commence business till October, 1846, and in March, 1847, when the plaintiff claims that large profits had been realized, had been in full operation less than two months, and as it appears by the evidence, that the business of the entire first year resulted in a loss, the plaintiff fails to show any ground for recovering under this clause in the contract.
We are, therefore, of the opinion, that judgment must be entered for the lesser sum reported by the auditor as due to the plaintiff.

Judgment for the plaintiff accordingly.

 Metcalf, J. did not sit in this case.